# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NATE A. LINDELL,**

    Plaintiff,

  v.                                                                                 **Case No. 18-CV-2027**

**ANTHONY MELI, et al.,**

    Defendants.

## ORDER

Plaintiff Nate A. Lindell, a state prisoner who is representing himself, filed a complaint under 42 U.S.C. § 1983. On March 26, 2019, U.S. District Judge Lynn Adelman screened the complaint and granted Lindell's motion for leave to proceed without prepaying the filing fee (*in forma pauperis*). (ECF No. 22.) On the same day, the case was referred to Magistrate Judge David Jones for pretrial proceedings. (ECF No. 23.) Judge Jones subsequently granted Lindell's motion for leave to amend the complaint. (ECF No. 26.) Lindell is proceeding on claims that (1) defendants Meli, O'Donovan and Searls retaliated against him for filing a PREA complaint; and (2) defendants Meli and O'Donovan violated his due process rights related to a disciplinary hearing. (ECF No. 36 at 5-6.) He is also proceeding on a claim for injunctive relief against defendant Carr. (*Id.* at 6.) On September 24, 2019, the case was referred to this court for pretrial case management.

The defendants have filed a motion to dismiss this case under 28 U.S.C. § 1915(g) unless Lindell pays the full filing fee. (ECF No. 65.) The defendants contend that Lindell incurred four strikes before filing this case. (ECF No. 65 at 2.) Under the Prison Litigation Reform Act (PLRA), a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis*,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The defendants identify two district court actions, one appeal, and one petition for a writ of certiorari to the United States Supreme Court in which Lindell purportedly incurred "strikes." (ECF No. 65 at 2-4.) The court construes the defendants' motion as a motion to revoke Lindell's *in forma pauperis* status.

In *Lindell v. Pollard*, Case No. 19-cv-255-LA-WED (E.D. Wis.), this court issued an order on January 13, 2020, granting the defendants' motion to revoke Lindell's motion to proceed without prepaying the filing fee (*in forma pauperis*) because he has incurred the four strikes described above. The court adopts the reasoning set forth in that order and determines that Lindell has incurred strikes in the following cases:

**Strikes 1 and 2:** *Lindell v. Huibregtse*, Case No. 05-C-3-BBC (W.D. Wis.) (court of appeals amended judgment to dismiss with prejudice all claims as frivolous or malicious on October 31, 2006); *Lindell v. Huibregtse*, 205 F. App'x 446, 450 (7th Cir. 2006) (appeal dismissed as frivolous on October 31, 2006).

2

**Strike 3:** *Lindell v. Esser*, Case No. 13-cv-563-WMC (W.D. Wis.) (case dismissed for failure to state a claim on April 1, 2015).

**Strike 4:** *Lindell v. Huibregtse*, 549 U.S. 1336 (2007) (petition for certiorari dismissed as frivolous or malicious on April 16, 2007).

Lindell has incurred four strikes and is not under imminent danger of serious physical injury. Thus, § 1915(g) bars him from proceeding without prepaying the full filing fee (*in forma pauperis*). The court will revoke Lindell's *in forma pauperis* status and direct him to pay the balance of the $400 filing fee. If Lindell does not pay the rest of the filing fee, the court will recommend that this case be dismissed.

**Lindell's Motion to Compel and Request for Mediation**

Lindell filed a letter requesting the court to compel counsel for defendants to replace Lindell's lost/stolen documents and to promptly respond to Lindell's discovery requests. (ECF No. 64 at 3.) He also requests that the court schedule this case for mediation. (*Id.*) The defendants contend that Lindell's motion to compel should be denied because it does not include a certification that he conferred with them, as required by Fed. R. Civ. P. 37(a) and Civil L.R. 37. (ECF No. 68 at 1.) The defendants also clarify that they responded to Lindell's discovery requests and that they checked with prison staff regarding whether they were holding Lindell's legal property and learned that the prison is not holding Lindell's property.

The court will deny Lindell's motion to compel because the defendants state that they have responded to his discovery requests and because Lindell did not certify that he consulted with the defendants before filing his motion.

**THEREFORE, IT IS ORDERED** that Lindell's motion to compel (ECF No. 64) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion to dismiss (ECF No. 24) is construed as a motion to revoke *in forma pauperis* status, which motion is **GRANTED**, and Lindell's leave to proceed *in forma pauperis* in **REVOKED**.

**IT IS FURTHER ORDERED** that Lindell must pay the remainder of the filing fee ($50.00) by **February 20, 2020**, or this case may be dismissed.

Dated at Milwaukee, Wisconsin this 14th day of January, 2020.

WILLIAM E. DUFFIN
U.S. Magistrate Judge