UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**NATE A. LINDELL,**

    Plaintiff,

  v.                                                        Case No. 18-CV-2027

**ANTHONY MELI,**
**BILL SEARLS,**
**CAPTAIN JOHN O'DONOVAN,**
**and KEVIN A. CARR,**

    Defendants.

## ORDER

Plaintiff Nate Lindell, who is confined at the Columbia Correctional Institution, filed this civil rights case alleging that the defendants violated his constitutional rights in 2013 when he was confined at the Waupun Correctional Institution. Lindell is proceeding on claims that (1) defendant Anthony Meli retaliated against him for submitting a PREA (Prison Rape Elimination Act) complaint by issuing him a false conduct report that alleged that Lindell had lied about staff in the PREA complaint; (2) defendants John O'Donovan and Bill Searls retaliated against him for submitting the PREA complaint by conspiring with Meli to wrongfully find Lindell guilty at the disciplinary hearing on the conduct report; and (3) defendants Meli and O'Donovan violated his due process rights by, respectively, accusing him of being guilty without evidence and finding him guilty without evidence at the disciplinary hearing. (ECF No. 36 at 5-6.)

Lindell is also proceeding on a claim for injunctive relief against defendant Wisconsin Department of Corrections Secretary Kevin Carr to strike the discipline from Lindell's files and to enact procedural safeguards that will prevent the retaliatory use of the disciplinary process in the future. (ECF No. 36 at 6.) The second amended complaint is the operative complaint. (ECF No. 105.) Lindell's motion to compel discovery (ECF No. 88) and motion for sanctions (ECF No. 106) are before the court.

1. *Lindell's Motion to Compel Discovery*

Lindell first contends that, although the defendants objected to certain discovery requests by claiming that material was, or may be, privileged or confidential, they failed to provide a privilege log. (ECF No. 88 at 3.) Specifically, Lindell contends that the defendants objected to his discovery requests which sought the following information:

> a) Other conduct reports accusing prisoners of lying in PREA complaints, the PREA complaints at issue and documents from resulting disciplinary proceedings.
> b) Any emails to/from defendants concerning Lindell, particularly ones about this case, internet posts of his, or his PREA complaints.
> c) Decisions regarding prisoners' challenges to conduct reports that charged prisoners with lying in PREA complaints
> d) Materials (e.g. emails) revealing PREA complaints filed about WCI staff and conduct reports issued against the filers.
> e) Materials (e.g., emails, correspondence, request slips, IRs) that reveal concerns at WCI prisons being punished for making PREA complaints
> f) Materials (e.g. handbook describing conditions he was held in, photos of cell interior, DVD evidence from WD Wis Case #18-cv-895) revealing the nature of the conditions inflicted on him at WSPF, due partly to the conduct report at issue in this case.

2

g) Complaints filed by other prisoners about being disciplined or harmed for making PREA complaints.
h) Materials revealing any administrative discipline of any defendant.
i) An explanation of what the defendants did to ensure prisoners (including Lindell) could make PREA complaints without fear of being retaliated against.
j) Any emails defendants sent to anyone (or received) concerning Lindell.

(ECF No. 88 at 2-8.)

The defendants state that they properly objected to Lindell's requests to produce other inmates' PREA complaints (subparts a, c, d, e, & g) because: (1) the requests are overly broad; (2) PREA complaints filed by other inmates, as well as conduct reports and disciplinary actions taken against other inmates, are not relevant to proving that the defendants acted with a retaliatory motive against Lindell; (3) this "other acts" evidence would not be admissible at trial, nor would it be relevant to summary judgment because it relates solely to credibility; and (4) the documents at issue contain other inmates' confidential information. (ECF No. 100 at 4.) The defendants also state that they produced a redacted list of PREA investigations at WCI from 2012-2013 to provide Lindell with information that he requested. (*Id.* at 5; ECF No. 99-2 at 6, j.)

Regarding Lindell's request for emails (subpart b), the defendants explain:

> In his motion, Plaintiff concedes that although "Defendants did provide some emails to/from defendants prior to the disciplinary action that occurred, they left out post-discipline emails, which might contain admissions of retaliatory purpose, or all sorts of relevant communication." (Dkt. 88:4.) Defendants conducted a search for emails related to Plaintiff from August 24, 2013 through December 31, 2013 and produced 89 pages of emails and attachments. (Dkt. 99-3.) None of

3

the emails produced contain any admissions of retaliation, yet Plaintiff contends that there may be other emails that would contain such information.

(ECF No. 100 at 5.) Lindell's conduct report (CR 2406066) was issued on November 7, 2013, and the disciplinary hearing took place on November 26, 2013. (ECF No. 105 at 24, 37.) Thus, it appears that the defendants have responded to this discovery request by searching for both pre-discipline and post-discipline emails and producing 89 pages of emails and attachments.

Regarding Lindell's request for materials related to disciplinary segregation (subpart f), the defendants contend that, to the extent Lindell seeks this information to demonstrate the harm he suffered as a result of the defendants' alleged action, this request would be more appropriately revisited if Lindell's claim proceeds to trial. (ECF No. 100 at 6.)

Next, in his motion to compel discovery Lindell contends that the defendants should be held to responses to requests to admit that they improperly answered. (ECF No. 88 at 8.) Specifically, he cites to the defendants' responses to the following requests for admission:

- a) Meli charged other prisoners with lying in their PREA complaints about staff.
- b) O'Donovan found other prisoners guilty of lying in PREA complaints and punished them for that.
- c) Searls informed Meli or Meli's associates that other PREA complaints were "unfounded."
- d) Searls knew that informing Meli or Meli's associates that a prisoner's PREA complaint was "unfounded" was likely to result in Meli charging the complainant with lying about staff.

4

e) The defendants knew that Meli was charging prisoners with lying about staff in PREA complaints that Meli believed were unfounded.
f) Lindell's description of an incident in an inmate complaint was true, truthful, and correct.
g) An ICE's report for his inmate complaint was true, truthful, accurate and correct.
h) The PREA complaint that Lindell was disciplined for wasn't preserved.
i) Prior to November 6, 2013, the defendants knew that at least two prisoners filed inmate complaints about being wrongfully accused of lying about staff in their PREA complaint.
j) No one directed/ordered the defendants to take or engage in the actions that they are being sued about – they took these actions based on their own will.

(ECF No. 88 at 8-10.)

In response, the defendants contend that they properly responded to Lindell's requests and cite their discovery responses. (ECF No. 100 at 6-8; ECF No. 99-4, 99-5, 99-2)

Next, Lindell contends that the defendants gave numerous obstructive responses to deny relevant document requests. (ECF No. 88 at 10.) Specifically, he states that the defendants provided incomplete or evasive responses to requests that sought the following information:

a) Materials that reveal that funds could be denied if staff are found to violate PREA.
b) Letters to Pollard and Ed Wall from Lindell, seeking to appeal the discipline in his case.
c) The returned inmate complaint that Lindell submitted about the discipline.
d) The PREA complaints filed by two brothers at WCI, letters from their mom to the warden and DOC secretary, over a dozen files for other PREA complaints filed by WCI prisoners obtained by said mom.

5

      e)      A copy of a newspaper article with Pollard denying claims of abuse at WCI.
      f)      Carbon copies of inmate complaints filed by other prisoners over being issued conduct reports for making PREA complaints.
      g)      In response to Lindell's interrogatory asking what defendants did to ensure that prisoners could make PREA complaints without fear of being harmed for doing so, defendants objected, claiming that this is irrelevant.
      h)      Failing to provide a signature page for Meli's answers to interrogatories.
      i)      Meli failing to answer how many A.C. proceedings he participated in or observed.
      j)      Searls failed to explain why he provided information to Meli about Lindell's PREA complaint.
      k)      Carr refused to explain what he or his subordinates are doing to correct the harms caused to Lindell by the conduct report at issue in this case.
      l)      Meli's signature page is missing from another response to interrogatories.
      m)      Failing to provide the evidence cited for CR 3233700.
      n)      Disregarding Lindell's objections to earlier inadequate discovery replies by treating them as new requests.

(ECF No. 88 at 10-13.)

In response, the defendants contend that they did not give obstructive responses to Lindell's requests, citing their discovery responses as support. (ECF No. 100 at 8-11.) Again, the court finds that the defendants properly responded to Lindell's discovery requests.

Lastly, Lindell contends that the defendants refused to engage in a reasonable inquiry prior to taking the position that they lacked sufficient knowledge to answer the requests. (ECF No. 88 at 13-14.) He says, for example, Meli "dodged one inquiry by saying 'I don't recall' … when he could've reviewed the cited records as part of a reasonable inquiry." (*Id.* at 13.)

The court has reviewed the discovery requests and responses at issue and finds that defendants have properly responded to Lindell's extensive discovery requests. (*See* ECF Nos. 99, 99-1 – 99-6.) The court finds no basis for compelling the defendants to provide additional discovery responses. The court will deny Lindell's motion to compel.

   *2. Lindell's Motion for Sanctions*

Lindell moves for sanctions based on the defendants' pursuit of a frivolous defense. (ECF No. 106 at 1.) He states that Meli and O'Donovan were sued for a similar act of retaliation in another case that settled for $17,000. (*Id.* at 1-2.) According to Lindell, the previous case has already established that disciplining a prisoner for making a PREA complaint violates the First Amendment, and Lindell's claim adds allegations that he was framed. (*Id.* at 2.) Lindell seeks sanctions under Federal Rule of Civil Procedure 11(b).

The defendants oppose Lindell's motion.[1] (ECF No. 113.) They point out that a settlement in another case is not an admission of guilt. (*Id.*) The defendants state that Lindell has not pointed to statements by the defendants that are contrary to controlling authority. (*Id.* at 1.) They also state that they are entitled to dispute facts and there is no evidence that the defendants made misrepresentations in the answer. (*Id.* at 2.)

---

[1] The defendants request the court accept their untimely response for excusable neglect because Attorney Polich unexpectedly had to undergo emergency surgery and is recovering. (ECF No. 113 at 1.) The court will accept the untimely filing.

7

Lindell has not demonstrated any basis for imposing sanctions on the defendants. The court will deny his motion.

**THEREFORE, IT IS ORDERED** that Lindell's motion to compel discovery (ECF No. 88) is **DENIED**.

**IT IS FURTHER ORDERED** that Lindell's motion for sanctions (ECF No. 106) is **DENIED**.

**IT IS FURTHER ORDERED** that a party may serve and file objections to this order within fourteen days of being served with the order. *See* Fed. R. Civ. P. 72(a). The district judge will consider a timely objection and will modify or set aside this order or any part of this order only if it is clearly erroneous or contrary to law.

Dated at Milwaukee, Wisconsin this 18th day of August, 2020.

WILLIAM E. DUFFIN
U.S. Magistrate Judge